**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4085

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

GREGORY DUSTIN GOULDMAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:15-cr-00232-D-1)

Submitted:  September 29, 2017                    Decided:  October 18, 2017

Before GREGORY, Chief Judge, and SHEDD and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Dustin Gouldman appeals his 60-month sentence imposed following a guilty plea to one count of extortion under color of official right in violation of 18 U.S.C. § 1951 (2012). On appeal, he challenges the reasonableness of the district court's upward departure. We affirm.

This court reviews a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "When reviewing a departure, [this court] consider[s] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted).

Reasonableness has both procedural and substantive components. *Gall*, 552 U.S. at 51. In assessing procedural reasonableness, this court considers factors such as whether the district court properly calculated the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the sentence imposed. *Id.* "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected" them. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). If no significant procedural errors exist, this court considers the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." *Gall*, 552 U.S. at 51.

Gouldman asserts that the district court erred procedurally by failing to adequately explain its reasons for departing to a sentencing range of 51 to 63 months. We find no error. The court departed upward based on U.S. Sentencing Guidelines Manual §§ 5K2.0(a)(1)(A), 5K2.0(a)(2)(B) (2015), due to aggravating and unidentified circumstances in this case, namely danger to the public due to corruption, that were fully discussed at sentencing. The court also found the departure appropriate under USSG § 2C1.1, Application Note 7. The court specifically rejected Gouldman's contention that the Guideline for federal contraband offenses would be appropriate in this case. Further, the court concluded that the departure in this case should be greater than the five-level departure in *United States v. Bellamy*, 264 F.3d 448 (4th Cir. 2001), as the circumstances in the instant case were more egregious and merited a seven-level departure. The court also cited and expressly considered the 18 U.S.C. § 3553(a) factors. Gouldman further asserts that the sentence is substantively unreasonable because it is greater than necessary to achieve the aims of § 3553(a) and the calculated total offense level sufficiently accounted for the seriousness of the offense. We find that the totality of the circumstances support the 60-month sentence, as amply explained by the district court.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3